### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMMY STRICKLER<br>231 W. Jackson Street<br>York, PA 17401<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PRECISION PIPELINE SOLUTIONS, LLC<br>3800 E Market Street<br>York, PA 17402<br><br>　　　　Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br><br>No.: _____<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. This action has been initiated by Tammy Strickler (*hereinafter* referred to as "Ms. Strickler" or "Plaintiff") against Precision Pipeline Solutions, LLC (*hereinafter* "Defendant") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII - 42 U.S.C. §§ 2000d *et. seq.*), the Pennsylvania Human Relations Act ("PHRA"),[1] and the Pennsylvania Wage Payment and Collection Law ("WPCL" – 43 Pa C. S. §260.1 *et. seq.*). As a direct consequence of Defendant's unlawful actions, Ms. Strickler seeks damages as set forth herein.

## JURISDICTION AND VENUE

---

[1] Plaintiff dual filed her Charge of Discrimination with the PHRA on December 28, 2021. Plaintiff's claims under the PHRA are referenced herein for notice purposes. She is required to wait 1 full year before pursuing her claims under the PHRA from date of dual-filing with the EEOC (until December 28, 2022). Plaintiff must however files her lawsuit in advance of same because of the date of issuance of her federal right-to-sue-letter under Title VII. Plaintiff's PHRA claims however will mirror identically her federal claims under Title VII.

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Ms. Strickler's claims because this civil action arises under laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny. This Court has supplemental jurisdiction over Plaintiff's state-law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendant is deemed to reside where they are subject to personal jurisdiction, rendering Defendant a resident of the Middle District of Pennsylvania.

5. Plaintiff is proceeding herein under the Title VII, and has properly exhausted her administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

**PARTIES**

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant Precision Pipeline Solutions, LLC (*hereinafter* referred to as "Defendant Entity") is a foreign business corporation incorporated under the laws of the State of New York with a principal place of business in New Windsor, New York.

9. Defendant also operates a business location at 3800 E. Market Street in York, Pennsylvania 17402.

10. At all times relevant herein, Defendant acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Defendant is a natural gas and electric utility contractor.

13. Plaintiff is a fifty-five (55) year old female.

14. Defendant employed Ms. Strickler as a "Lead Flagger" for a little over one year until in or about December 2021 when Defendant abruptly terminated her employment (discussed in detail below)

15. In her role as Lead Flagger, Ms. Strickler was responsible for *inter alia* supervising crews of primarily male roadside flaggers.

16. During her employment (and through present), Ms. Strickler was dating John Warner, a co-worker at Defendant.

17. Upon information and belief, Mark Moser ("Moser") is a high-level executive for Defendant and was Ms. Strickler's supervisor.

18. Robert Hinton ("Hinton") is a manager for Defendant and was Ms. Strickler's direct supervisor.

19. Defendant subjected Ms. Strickler to severe and pervasive sexual harassment. By means of non-exhaustive examples, Ms. Strickler's supervisors would make sexually charged comments, almost daily, to Ms. Strickler regarding her sexual activity. For example, and by no means an exhaustive list, Moser and Hinton would ask intrusive and sexually explicit questions such as, "did Warner *plow your field* last night," or "*did Warner take the Hershey Highway*?"

20. Ms. Strickler openly opposed this blatantly discriminatory behavior and complained to Moser on numerous occasions pleading with him to stop.

21. Despite Ms. Strickler's complaints, neither Moser, nor anyone else at Defendant took any appropriate steps to investigate, correct, or otherwise stop the ongoing sexual harassment.

22. In or around August 2021, an employee of one of Ms. Strickler's co-workers told Ms. Strickler to "suck [Warner's] dick" over the open radio channel and for the entire worksite to hear.

23. Ms. Strickler immediately complained again this type of open and blatant sexual harassment.

24. Ms. Strickler continued making complaints of sexual harassment in the days and weeks leading up to her termination.

25. Immediately on the heels of her most recent complaints of sexual harassment, Moser terminated Ms. Strickler, vaguely claiming that another employee had complained about her.

26. Ms. Strickler believes and therefore avers that she was terminated because of her sex/gender and/or in retaliation for making complaints of sexual harassment.

27. Defendant also committed violations of the Pennsylvania WPCL by failing to pay Ms. Strickler earned wages.

28. Prior to her termination, Ms. Strickler was promised that for each flagger she recruited for Defendant, that she would receive payment of $750.00.

29. Relying on Defendant's explicit promise, and despite great difficulty in finding people interested in working for Defendant, Ms. Strickler recruited no less than three (3) flaggers who thereafter became employed by Defendant.

30. However, Defendant willfully failed to pay Ms. Strickler the $750.00 wage payments as promised in violation of the WPCL.

## Count I
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
**([1] Hostile Work Environment; [2] Gender Discrimination; [3] Retaliation)**

31. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32. Defendant subjected Plaintiff to severe and/or pervasive derogatory sexual gestures and comments by Defendant's management and high-level executives, such that she was subjected to a hostile work environment.

33. Plaintiff specifically opposed, rejected, and complained of Defendant's inappropriate sexual comments/advances/gestures; however, Defendant did nothing to investigate or otherwise remediate the unlawful discriminatory behavior did and continued to subject Plaintiff to a hostile work environment.

34. Defendant further subjected Plaintiff to a retaliatory hostile work environment for opposing, rejecting, and complaining of inappropriate sexual comments, advances, and gestures and/or for complaining about aforesaid gender-related discriminatory comments.

35. Just weeks after making complaints about sexual harassment, on or about December 2021, Defendant terminated Plaintiff's employment for pretextual reasons.

36. Defendant's actions as aforesaid constitute violations of Title VII.

## Count II
## Violations of Pennsylvania Wage Payment & Collection Law ("WPCL")
**(Non-payment of full wages, Unlawful Wage Retention)**

37. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38. Defendant promised to pay Plaintiff wages in the amount of $750.00 for each flagger Plaintiff recruited to join defendant.

39. Plaintiff relied on Defendant's promise and recruited no less than six (6) flaggers who joined Defendant.

40. As outlined *supra*, Defendant intentionally and willfully failed to pay and refused to pay Plaintiff all wages owed and due, including but not limited to commissions for recruiting flaggers she had earned.

41. Defendant's actions as aforesaid constitute willful wage theft under the PCWL.

## Count III
## Detrimental Reliance, Promissory Estoppel, Unjust Enrichment
**(Assertion of all potentially applicable equitable claims)**

42. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43. Plaintiff relied upon material representations that she would be compensated a sum certain if she recruited flaggers for Defendant.

44. Plaintiff exerted significant efforts to recruiter flaggers for employment with Defendant.

45. Plaintiff did so based upon her detriment and objectively reasonable assurances and beliefs of proper compensation for such work.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting sexual harassment, discrimination, and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, and benefits.

C. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendant's actions;

D. Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

E. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law; and

G. Plaintiff is to receive a trial by jury.

                      Respectfully submitted,

                      **KARPF, KARPF & CERUTTI, P.C.**

By:     _____

                      Ari R. Karpf, Esquire
                      3331 Street Road
                      Two Greenwood Square
                      Suite 128
                      Bensalem, PA 19020
                      (215) 639-0801

Dated: June 2, 2022